IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

LEONARD FITZGIBBONS
    Plaintiff,

v.

SBC COMMUNICATIONS, d/b/a AT&T; and AT&T CORPORATION
    Defendants.

## COMPLAINT

PLAINTIFF, Leonard Fitzgibbons, through counsel, The Law Offices of Sandomire and Schwartz, submits this complaint against the Defendants, AT&T Corporation and SBC Communications, d/b/a AT&T (referenced collectively herein as "AT&T" or "Defendant"). He states:

### STATEMENT OF CLAIM

1. This is an action to vindicate violations of the Plaintiff's civil rights and to redress the unlawful and discriminatory conduct and employment practices of Defendant. This action arises out of Defendant's illegal and discriminatory termination of Plaintiff's employment. Mr. Fitzgibbons alleges, inter alia, that he was terminated from his employment based, in whole or in part, upon his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 620 *et seq.*, and deprived of pension benefits under the Older Workers Benefit Protection Act.

### PARTIES

2. Plaintiff, is an adult man and citizen of the United States who resides at 5652 Silver Bluff Court, Parker, Colorado 80134. At all relevant times, he was an employee of Defendant within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. Section 620 *et seq.*, and applicable case law.

3. AT&T Corporation and SBC Communications, d/b/a AT&T, is a corporation or are corporations doing business in the State of Colorado, at 7630 S. Chester, #175, Englewood,

Colorado. Their principal business office or headquarters, however, is located at 175 E. Houston Street, San Antonio, Texas 78205.

4. At all relevant times, Defendant was an employer within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. Section 620 *et seq.*, and/or under the Older Workers Benefit Protection Act.

## JURISDICTION AND VENUE

5. This is, in part, an action authorized and instituted pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621 *et seq.*, and/or under the Older Workers Benefit Protection Act, which is a subsection of the ADEA.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

7. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, all Defendants regularly conduct business and where all the wrongful conduct occurred.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff has complied with all the administrative prerequisites to action under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621 *et seq.*, and/or under the Older Workers Benefit Protection Act, which is a subsection of the ADEA.

9. A. Plaintiff timely filed a formal charge of discrimination with the Equal Employment Opportunity Commission (E.E.O.C.);

B. Plaintiff promptly and diligently accommodated all E.E.O.C. requests for information and fully cooperated in the agency's investigation of this matter;

C. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this Civil Action, and received a Notice of Right to Sue from the E.E.O.C. This action has been filed within ninety days of Plaintiff's receipt of the E.E.O.C.'s issuance of the right to sue notice, a copy of which is attached.

## FACTUAL ALLEGATIONS

10. On July 19, 2004 Plaintiff was hired by Defendant as Applications Sales Executive III, at a salary of $82,000 per year. His title at the time of alleged discrimination was Application Sales Specialist III – Hybrid PCG. His final pay rate was $175,00.00 per year. He was notified on December 4, 2008 that he would be terminated from Defendant's employment on February 2, 2009 (a little over six months before fully vesting in his pension). His last day of employment was February 2, 2009.

11. At all relevant times, Defendant employed in excess of fifteen (15) employees and was engaged in an industry directly affecting interstate commerce.

12. At all relevant times, all matters regarding compensation, terms, conditions, rights and privileges of Plaintiff's employment were governed and controlled by Defendant.

13. At all relevant times, Andrea Hazard had the title of director of Application Sales Executive Team and was acting as the supervisor of Plaintiff, and as such as the agent, servant and/or employee of Defendant, which is therefore liable for her acts and omissions pursuant to the principals of ratification, respondeat superior and actual and/or implied agency, and under the applicable statutes.

14. At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of his employment with Defendant.

15. At the time of his discharge Plaintiff had a history and record of regular salary increases and promotions and indeed of exemplary job performance and success.

16. Over some 17 months before Plaintiff's termination from employment, Ms. Hazard engaged in frequent and regular harassment of Plaintiff, and discrimination against Plaintiff, based on Plaintiff's age. Plaintiff was age 66 at the time of his termination.

17. Ms. Hazard's harassment and discrimination against Plaintiff included but is not limited to the following:

   a. Frequently and regularly making and writing remarks about Plaintiff's age, including calling him such things as "Old Man" "Grand Dad" "Dad" "Aged One" "old school", asking him why he was still working, comparing his angioplasty to being in drug rehabilitation, and making other insulting, mocking, unprofessional, and inappropriate remarks;

   b. Excessively calling him during his hospitalization from September 21, 2007 on, and asking when he would be back to work;

   c. Frequently and regularly harassing him to work more and about alleged need to do better, even though he was extremely successful and hard-working, 170% to 400% above quota, admired and praised by his co-workers and colleagues, and always available to assist other members of the team;

    d. Preventing his peers and colleagues from working with him;

    e. Causing his transfer from his Sales Executive position to a Sales – Hybrid job;

    f. Causing his termination by Defendant from Defendant's employment based on and motivated by his age, and in retaliation for his filing an harassment and discrimination complaint against her with Defendant's Human Resources and EEO units -- rather than the false excuse of reorganization and reduction of surplus employees.

    g. His inclusion in any reduction caused by any reorganization was based on and motivated by his age and in retaliation for his filing of the said complaint. And his performance in his duties far exceeded the metrics of coworkers who were not subjected to the alleged "surplus staffing" termination.

### FIRST CAUSE OF ACTION

### Violation of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et seq.

18. The preceding paragraphs hereof are incorporated by reference herein.

19. This claim is authorized and instituted pursuant to the provisions of the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.* for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains that Defendant's acts violated of the statute's prohibition against discrimination in employment based upon an employee's age.

20. As a result of Defendant's acts, omissions, and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of his age.

21. As a further result of Defendant's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to him as an employee, but denied because of his age and in an amount to be proven at trial.

### SECOND CAUSE OF ACTION

### Violation of the Older Workers Benefit Protection Act, a subsection of the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq.*

22. The preceding paragraphs hereof are incorporated by reference herein.

23. This claim is authorized and instituted pursuant to the provisions of the Older Workers Benefit Protection Act, a subsection of the Age Discrimination in Employment Act, 29 U.S.C. Section 621 *et seq.*

24.  As a result of Defendant's acts, omissions, and practices, Plaintiff was unjustly and discriminatorily deprived of income in the form of prospective retirement benefits because of his age, in an amount to be proven at trial.

## ADDITIONAL PARTIES AND/OR CLAIMS

25.  Plaintiff respectfully requests leave to amend his Complaint to add additional parties and/or claims upon completing initial discovery. It may be necessary to name agents or employees of the above-named defendant, and to add additional claims such as conspiracy and negligent hiring, if additional investigation and discovery elicits information that supports such claims.

## DAMAGES

26.  The acts, omissions, and conduct of the above-named defendant, as set forth abpve, in violating Plaintiff's said rights, caused injuries, damages and harm to him, including, but not limited to, past and future economic loss, past and future non-economic losses, including extreme emotional distress, loss of reputation, shame, humiliation, pain and suffering, inconvenience, mental anguish, impairment in the quality of life; and consequential losses.

WHEREFORE, Plaintiff requests judgment and damages against defendant as follows:

A. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, and for consequential losses;

B. An award to Plaintiff for punitive damages and/or treble damages;

C. An award to Plaintiff for reasonable attorneys' fees and costs, including but not limited to expert witness fees, as provided in the applicable statutes and/or as provided under state law;

D. An award to Plaintiff of interest on any awards at the highest rate allowed by law; and

E. Pre- and post- judgment interest at the highest statutory rate;

F. Such other and further relief as this Court deems just and appropriate.

## DEMAND FOR A JURY TRIAL

PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS ALLOWED BY LAW

Respectfully submitted November 7, 2010.

<div style="margin-left: 3em;">

s/ Eric V. Field
Eric V. Field
**The Law Offices of Sandomire and Schwartz**
281 S. Pearl Street
Denver, Colorado, 80209
Telephone: (303) 863 – 9398
FAX:   (303) 831 – 9374
Email:  Eric@SandSlaw.us
Attorneys for Plaintiff

</div>